**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD VAN HOOK, | No. 19-35875 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00170-BLW |
| v. | |
| STATE OF IDAHO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Ronald Van Hook appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

out of family court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim under Federal Rule of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Van Hook's action because Van Hook failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) (a § 1983 claim requires a violation of a constitutional right "committed by a person acting under color of state law"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars suit against a non-consenting state); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (state prosecutors are "absolutely immune from § 1983 actions when performing functions intimately associated with the judicial phase of the criminal process" (citation and internal quotation marks omitted)); *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1197 (9th Cir. 2012) (elements of claim under 15 U.S.C. § 1); *Duspiva v. Fillmore*, 293 P.3d 651, 656 (Idaho 2013) (defining unfair competition under Idaho's Consumer Protection Act).

We reject as meritless Van Hook's contentions that the district court did not consider his evidence or other filings in the case.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests and motions are denied.

**AFFIRMED.**